UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RUTH A. CONSIGLIO,

                Plaintiff,

v.

MARIO MARTILLO,
CARLOS ANGULO and
PATRIOT LOGISTICS, INC.,

                Defendants.

**DECISION AND ORDER**

07-CV-00331(S)(M)

---

Before me is the motion of plaintiff's attorneys, Brown Chiari LLP ("Brown Chiari"), for an allocation of the settlement proceeds in this personal injury action [64].[1] By Text Order dated August 31, 2010 [66], District Judge William M. Skretny held that this court has ancillary jurisdiction to supervise the distribution of settlement proceeds (*citing* Grimes v. Chrysler Motors Corp., 565 F.2d 841, 844 (2d Cir. 1977)), and referred the motion to Magistrate Judge Hugh Scott "for purposes of conducting a hearing and rendering a Decision and Order".

Judge Scott thereafter recused himself [67] and the matter was reassigned to me [68]. A hearing was held before me on January 26, 2011 [75], attended by plaintiff, her husband, and attorneys Theresa Walsh and Samuel Capizzi on behalf of Brown Chiari.

**FINDINGS OF FACT**

On May 18, 2006 plaintiff retained Brown Chiari to represent her in connection with a claim for injuries sustained in an automobile accident on November 4, 2005 [64-2]. On

---

[1]     Bracketed references are to CM/ECF docket entries.

April 24, 2007, Brown Chiari commenced this personal injury action on plaintiff's behalf in State of New York Supreme Court, County of Erie [64-3]. On May 23, 2007 defendants removed the action to this court, based upon diversity of citizenship [1]. On August 5, 2009 plaintiff executed a General Release settling the action for the sum of $120,000 [64-4]. That same day, she executed a Settlement Memorandum in which she acknowledged that Brown Chiari's share of the settlement proceeds (representing attorney fees and disbursements) would be $43, 376.53, and that her share would be $76, 623.47 [64-5; 74, ¶5].

Plaintiff now challenges the allocation of the settlement proceeds, claiming that Brown Chiari mishandled her dispute with her no-fault insurance carrier, as a result of which she may be obligated to repay the carrier $4,499 in first-party benefits for lost wages [65]. She is currently represented by the law firm of Vinal & Vinal in connection with that dispute, and admitted at the hearing that, to date at least, she has not been required to repay any amounts to her insurance company.

## CONCLUSIONS OF LAW

This court has jurisdiction to adjudicate only the distribution of the $120,000 in proceeds which were directly related to the settlement of the underlying action, since "the exercise of ancillary jurisdiction is appropriate where the subsidiary controversy 'has direct relation to property or assets actually or constructively drawn into the court's possession or control by the principal suit.'" Grimes, 565 F.2d at 844 (*quoting* Fulton National Bank of Atlanta v. Hozier, 267 U.S. 276, 280 (1925)).

Plaintiff's dispute with her insurance carrier over no-fault wage benefits was not

the subject of the underlying personal injury action. As Mr. Capizzi stated at the hearing, resolution of that issue was intentionally deferred until the person injury action had been settled, for fear that a determination in the no-fault dispute might have an adverse effect on issues to be determined in the personal injury action. *See* Clemens v. Apple, 65 N.Y.2d 746, 749, 492 N.Y.S.2d 20, 21 (1985) ("in view of the fact that the arbitration was sought subsequent to the commencement of this negligence action against defendant to recover for personal injuries, plaintiffs, proceeding with the aid of counsel, should have been aware of the possibility that the result of the arbitration would affect a pending court proceeding addressing, in part, the identical issue presented at the arbitration").

Plaintiff's contention that Brown Chiari mishandled her request for no-fault benefits is not within this court's jurisdiction, as it is not directly related to the personal injury action which is the subject of this motion. Therefore, to the extent that such a claim would be viable (and I express no opinion in that regard), it must be pursued in a different forum.

Among the items for which Brown Chiari seeks reimbursement is the $40 filing fee for the no-fault arbitration [64-5]. Plaintiff claims that Mr. Capizzi stated that "he would waive this fee" [65, p.4]. Whether or not he agreed to waive the fee, Brown Chiari is not entitled to seek reimbursement of that amount in this motion, because a claim for no-fault benefits was not the subject of the underlying injury action. Other than that item, however, I conclude that the $120,000 in settlement proceeds should be allocated as set forth in the Settlement Memorandum signed by plaintiff on August 5, 2009 [64-5].

## CONCLUSION

Of the $120,000 in settlement proceeds, the sum of $43,336.53 shall be paid to Brown Chiari as attorney fees and reimbursement of disbursements, and the balance of 76,663.47 shall be paid to plaintiff.[2] To the extent that interest has accrued on the settlement proceeds since their deposit with this court, interest shall be divided between plaintiff and Brown Chiari in proportion to their respective shares of the settlement. If no objections are filed to this Decision and Order by March 11, 2011, the clerk of this court is hereby directed to make payment accordingly, and to close this case.

Unless otherwise ordered by Judge Skretny, any objections to this Decision and Order must be filed with the clerk of this court by March 11, 2011 (applying the time frames set forth in Fed. R. Civ. P. 6(a)(1)(C), 6(d), and 72(a)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(a) and (c) of the Local Rules of

---

[2] I have deducted the $40 no-fault arbitration filing fee from Brown Chiari's share of the proceeds shown on the Settlement Memorandum [64-5], and added it to plaintiff's share.

Civil Procedure for the Western District of New York, "[t]he specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law shall be clearly set out in the objections", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

**SO ORDERED.**

DATED: February 22, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge